IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TODD D. SHEARRER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. _____ |
| ) | |
| UNION PACIFIC RAILROAD ) | |
| COMPANY, a Corporation, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Todd D. Shearrer, Plaintiff, for his cause of action against Defendant Union Pacific Railway Company (hereinafter "UP"), states and alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1. This action is brought under the Federal Employers' Liability Act, 45 U.S.C. §§ 51, *et seq*. (FELA), the Locomotive Inspection Act, 49 U.S.C. 20701-20703 (LIA), and the Federal Regulations promulgated pursuant to those acts. Jurisdiction and venue are proper pursuant to 45 U.S.C. § 56.

2. Plaintiff resides at 1770 Lexington Place, Apt. 303, Herculaneum, Jefferson County, MO 63048.

3. Defendant UP is and was at all times relevant a corporation engaged in the operation of a system of railways as a common public carrier of freight for hire between the various states of the United States and engaged in interstate commerce by railroad.

4. Defendant UP operates trains in the transportation of freight in and between the States of Illinois and Missouri and other states, and, at all relevant times mentioned, is and was engaged in business in the State of Illinois.  Defendant's registered agent for service of process is:  CT Corporation System, 208 S. LaSalle Street, Suite 814, Chicago, Illinois 60604.

### COUNT I – FEDERAL EMPLOYERS' LIABILITY ACT NEGLIGENCE

5. In December, 2007, and for a long time prior thereto, Plaintiff was employed by and working for Defendant UP as a locomotive engineer. Parts of Plaintiff's duties were in furtherance of interstate commerce and directly and substantially affected such commerce, and on December 28, 2007, Plaintiff was employed by and engaged with Defendant UP in interstate commerce.

6. On December 28, 2007, while Plaintiff was engaged in interstate commerce with and working for Defendant UP as a conductor at Fults, Monroe County, Illinois, it became and was his duty to travel on one of Defendant's locomotives engines in order to take a train from Dexter, Missouri to Dupo, Illinois.  As Plaintiff was so engaged in the course and scope of his employment, the batteries on the aforesaid locomotive engine were defective and released thick, toxic smoke and fumes into the cab of the locomotive engine.  Plaintiff was caused to inhale the smoke and fumes for a lengthy period of time and, as a direct result, he sustained severe, permanent, painful and disabling injuries hereinafter described.

7. At all times material hereto, Defendant UP was under a duty to furnish and provide Plaintiff with a reasonably safe place to work, with reasonably safe conditions for work, with reasonably safe appliances for work and with reasonably safe methods of work.

8. Plaintiff's injuries and damages were directly caused, in whole or in part, by the negligent acts or omissions of Defendant UP in one or more of the following respects, to-wit:

    a) it provided Plaintiff with a locomotive with defective batteries;

    b) it failed to ensure that the locomotive was safe to operate and that the batteries were good condition;

    c) it failed to properly inspect, maintain and repair the batteries on the locomotive engine;

    d) it failed to promulgate and enforce rules and regulations for the periodic inspection and maintenance of its locomotive engines;

    e) it failed to properly train its employees who where charged with the duty to inspect, maintain and repair locomotive engines and the parts and appurtenances thereof, including the batteries on the said locomotives.

9. Each of Defendant UP's above-described acts or omissions constitutes negligence.

10. By reason of the foregoing acts or omissions, Defendant UP knew or, in the exercise of ordinary care, should have known that it was reasonably likely that employees, including Plaintiff, would be injured thereby.

11. As a direct result of the foregoing negligent acts or omissions of Defendant UP, Plaintiff suffered trauma and injuries to his lungs, with resultant cough, wheezing, shortness of breath and respiratory distress. These injuries have resulted in permanent and debilitating injuries to his body and lungs. Plaintiff has endured and is still enduring both physical pain and emotional pain and suffering. These injuries have required Plaintiff to undergo medical treatment and will in the future require Plaintiff to undergo medical treatment. Plaintiff's general health and strength have been permanently weakened, diminished and impaired. Plaintiff has suffered and will ever suffer severe physical pain and mental anguish. Prior to these injuries, Plaintiff was a strong, able-bodied man, capable of earning and actually earning a substantial wage.

12. On account of the aforementioned injuries, Plaintiff has suffered and will continue to suffer the following economic and non-economic injuries and losses: a) past and future lost wages; b) past and future medical expenses; c) past and future pain and suffering; d) past and future lost fringe benefits; e) past and future ability to perform normal household services; f) inability to enjoy the normal pursuits of life.

WHEREFORE, Plaintiff prays judgment against Defendant UP in this Count I of his Complaint in an amount exceeding $75,000, for pre-judgment and post-judgment interest allowed by law, for all relief allowed under FELA not specifically requested in this Complaint; for his costs incurred in bringing this action; and for all other relief deemed just and proper by this Court.

**COUNT II – VIOLATION OF LOCOMOTIVE INSPECTION ACT**

13. Plaintiff hereby incorporates paragraphs 1 through 12 the same as if they were fully set forth herein.

14. At all times material hereto, Defendant UP was under a duty to furnish and provide Plaintiff with a locomotive, including its parts and appurtenances, that 1) was in proper condition and safe to operate without unnecessary danger of personal injury; 2) had been inspected as required under 49 U.S.C. 20701, et seq., and the regulations promulgated pursuant to the Acts; and 3) could withstand every test prescribed by the Secretary of Transportation under 49 U.S.C. 20701, et seq.

15. Plaintiff's injuries and damages were directly caused by Defendant UP's violation of the Locomotive Inspection Act, 49 U.S.C. 20701, et seq.

16. By reason of the foregoing violation of the Locomotive Inspection Act, 49 U.S.C. 20701, et seq., Defendant UP knew or, in the exercise of ordinary care, should have known that it was reasonably likely that employees, including Plaintiff, would be injured thereby.

17. As a direct result of Defendant UP's violation of the Locomotive Inspection Act, 49 U.S.C. 20701, et seq., Plaintiff suffered trauma and injuries to his lungs, with resultant cough, wheezing, shortness of breath and respiratory distress. These injuries have resulted in permanent and debilitating injuries to his body and lungs. Plaintiff has endured and is still enduring both physical pain and emotional pain and suffering. These injuries have required Plaintiff to undergo medical treatment and will in the future require Plaintiff to undergo medical treatment. Plaintiff's general health and strength have been permanently weakened, diminished and impaired. Plaintiff has suffered and will ever suffer severe physical pain and mental anguish. Prior to these injuries, Plaintiff was a strong, able-bodied man, capable of earning and actually earning a substantial wage.

18. On account of the aforementioned injuries, Plaintiff has suffered and will continue to suffer the following economic and non-economic injuries and losses: a) past and future lost wages; b) past and future medical expenses; c) past and future pain and suffering; d) past and future lost fringe benefits; e) past and future ability to perform normal household services; f) inability to enjoy the normal pursuits of life.

WHEREFORE, plaintiff prays judgment against the Defendant in an amount exceeding $75,000, for pre-judgment and post-judgment interest allowed by law, for all relief allowed under FELA not specifically requested in this Complaint; for his costs incurred in bringing this action; and for all other relief deemed just and proper by this Court.

## JURY TRIAL DEMAND

Pursuant to Fed.R.Civ.P. 38, the Plaintiff demands a trial of this cause of action by jury.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff respectfully designates East St. Louis, Illinois as the place of trial.

## DESIGNATION OF LEAD COUNSEL OF RECORD

Pursuant to U. S. District Court, Southern District of Illinois, Local Rule 5.1(a), Plaintiff hereby designates Kenneth E. Barnes as lead counsel of record in the above-captioned cause of action.

Respectfully submitted,

 s/Kenneth E. Barnes
Kenneth Barnes, Bar No. 48579
THE BARNES LAW FIRM, L.L.C.
1100 Main Street, Suite 2300
Kansas City, MO 64105-5187
Telephone: 816.221.4321

6

Fax: 816.471.4321
Email: kbarnes@law4321.com

ATTORNEYS FOR PLAINTIFF