IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TODD D. SHEARRER, | ) |
| Plaintiff, | ) ) ) ) |
| vs. | ) Case No. 09-cv-0122-MJR-PMF ) |
| UNION PACIFIC RAILROAD CO., | ) ) ) |
| Defendant. | ) |

MEMORANDUM AND ORDER

REAGAN, District Judge:

Todd Shearrer, a locomotive conductor from Jefferson County, Missouri, filed suit in this Court against his former employer, Union Pacific Railroad Company (UP). Shearrer's complaint contains one negligence claim under the Federal Employer's Liability Act (FELA), 45 U.S.C. § 51, et seq. (Count I), plus a claim for violation of the Locomotive Inspection Act (LIA), 49 U.S.C. § 20701, et seq.

Shearrer alleges that he sustained permanent and debilitating lung injuries from a release of toxic fumes into the cab of locomotive engine while he was working "at Fults, Monroe County, Illinois" on December 28, 2007, during a trip from Dexter, Missouri to Dupo, Illinois. He seeks damages for past and future lost wages, past and future medical expenses, past and future pain and suffering, past and future fringe benefits, past and future "ability to perform normal household services" (Complaint, Doc. 2, p. 4), and inability to enjoy the normal pursuits of life.

UP answered the complaint in April 2009, after which the undersigned Judge

set a firm trial date of June 7, 2010. The final pretrial conference will be conducted by the undersigned Judge on June 2, 2010.

A Scheduling and Discovery Order proposed by the parties and entered by Magistrate Judge Frazier imposed a February 12, 2010 discovery cut-off and a February 26, 2010 dispositive motion deadline (*see* Docs. 13, 13-1). That Order also set the timetable to disclose expert witnesses and written reports pursuant to Federal Rule of Civil Procedure 26(a)(2).

Plaintiff Shearrer designated his expert witnesses on September 25, 2009, including Dr. Leroy Grossman (an economist), Dr. Thomas Hyers (a physician from St. Louis who apparently treated and/or examined Plaintiff), Dr. Thomas Osimitz (a toxicologist from Virginia), Joel T. Robertson (apparently an expert from Texas on inspection, maintenance and repair of locomotives), and 8 other non-retained experts, all of whom appear to be treating physicians, nurses, or other medical personnel who "may be asked to testify at trial" (*see* Doc. 19).

Defendant UP designated its experts on January 22, 2010, including Dr. Phillip Goad (a toxicologist), Dr. David Hewitt (a physician specializing in occupational medicine), Dr. Myron Jacbos (apparently a pulmonary doctor who examined Plaintiff), Dr. James Crapo (a physician specializing in pulmonology), Dr. Thomas Ireland (an economist), June Blaine (a rehabilitation counselor and disability management specialist), Dr. William Jacbos (apparently an expert on inspection, maintenance and repair in the railroad industry), and 13 non-retained experts, all health care providers (*see* Doc. 30).

Defense experts were to have been disclosed December 1, 2009, but Plaintiff's counsel agreed to extend that disclosure deadline to January 15, 2010.  For reasons not readily apparent, Plaintiff's counsel did not move to strike (or otherwise formally challenge via motion) the one-week-belated disclosure of the defense experts on January 22, 2010. Of course, the parties may stipulate to extensions of discovery deadlines that do not affect firm Court settings (which they often do unbeknownst to the Court), but they proceed at their own risk in doing so without reducing any agreement to writing and without obtaining Court approval.  *See* **FED. R. CIV. P. 29(b).**

In February 2010, Shearrer's counsel moved to extend the deadline for dispositive motions.  The Court denied that motion the following day, noting that the deadline was imposed nine months earlier via a proposed schedule submitted by the parties themselves.

> The Order further noted (Doc. 36, emphasis added):
>
> The undersigned District Judge sets firm trial dates in civil cases and rarely grants continuances of those settings. **If the Court extends the dispositive motion deadline and leaves the existing trial setting, that would give the parties more time for their work on the case (preparing and briefing the major motions) but severely contract the undersigned Judge's time in which to get those motions, once ripe, ruled on in advance of the ... final pretrial conference.**
>
> For these reasons, and because good cause has not been shown, the Court DENIES the motion to extend dispositive motion deadline (Doc. 35).

Clearly, this Order left the February 26, 2010 motion-filing deadline in place.

A series of motions quickly followed, along with a flurry of supporting briefs, responses and replies – many with extensive documentary evidence attached. Plaintiff Shearrer moved for partial summary judgment on February 10th (Doc. 38). Defendant UP cross-moved for partial summary judgment (Doc. 45) and moved to exclude the opinions of two of Plaintiff's experts – Osimitz and Hyers – on February 26th (Doc. 43). The Court set briefing schedules on these motions (Docs. 42, 47).

One month *after* the motion-filing deadline elapsed, Plaintiff attempted to file a Daubert motion, which the Court promptly denied as untimely-filed, i.e., any such motion was due February 26th (*see* Doc. 54).

Three days later, Plaintiff moved for leave to file an out-of-time Daubert motion (Doc. 55), to which Defendant strongly objected on April 7, 2010 (Doc. 62). Defendant filed two motions to strike (Docs. 63 & 67) – one seeking to strike portions of Plaintiff's brief opposing Defendant's timely-filed Daubert motion (Doc. 56) and the other seeking to strike an entire brief Plaintiff filed (Doc. 51) that was filed in contravention of the Court's February 12, 2010 briefing schedule and which violated the page-limit set by the undersigned Judge.  Finally, Defendant moved for leave to file a sur-reply brief in response to Plaintiff's reply on one of the summary judgment motions (claiming that Plaintiff has interjected new testimony which necessitates further briefing, *see* Doc. 69-1).

The undersigned Judge is concerned at the atypical torrent of motions and an apparently increasing inability of counsel to cooperatively navigate the pretrial waters in this litigation.  Bearing that concern in mind, the Court takes the following step.

Other than motions in limine which are due **May 18, 2010** (and which do *not* include motions to exclude expert witnesses or testimony), **no further motions may be filed herein,** unless the proponent first secures leave of Court to do so. Any proposed motion should be attached to the motion seeking leave. The Court also rules as follows.

① The Court **DENIES** Shearrer's "Motion and Suggestions for Leave to File Out of Time his Motion to Exclude Evidence of Experimental Testing and Testimony of Dr. Phillip T. Goad" (Doc. 55). This motion was filed more than a month late. Counsel has not demonstrated good cause for reopening the motion-filing period. Moreover, there simply is no way in which to permit a new Daubert motion to be filed, briefed, heard, and ruled on while honoring the imminent final pretrial conference date and firm trial date.

The parties remain free to consent this case to a Magistrate Judge of this District, as they enjoy more flexible dockets, could enter a new Scheduling Order herein, and could set a later final pretrial conference and trial date.

② The Court **SETS A HEARING** on the timely-filed Daubert motion (Doc. 43, with supporting brief at Doc. 44, response at Doc. 56, and reply at Doc. 65) for **FRIDAY, MAY 14 at 10:00 am.** The undersigned Judge has set aside two hours on his docket for this hearing. Although the entire 10:00 - Noon slot may not be needed, this information is conveyed so that counsel can plan their arguments (and any witness examination) accordingly.

③ The Court **GRANTS** UP's motion (Doc. 63) to strike portions of

Shearrer's March 30, 2010 response (Doc. 56) in opposition to UP's Daubert motion. This response (a 20- page brief with 149 pages of attached exhibits) contains both appropriate arguments against UP's Daubert motion *and* inappropriate arguments seeking to exclude and discredit the testing and testimony of UP's expert, Dr. Goad . As stated in this Court's prior Order and as again ruled above, Plaintiff's counsel missed the deadline (by a month, not a few hours or one day) for any motion to exclude expert witnesses. The Court will not permit Plaintiff to sneak through the back door what the undersigned Judge has ruled cannot come in via the front door. The Court agrees with UP's argument that it is improper for Plaintiff's counsel to incorporate his disallowed Daubert motion *verbatim* on pages 9- 16 of the response in question.

However, rather than strike *portions* of the brief as requested by UP (thereby leaving it up to the Court to separate the wheat from the chaff in both the 20-page memo and the 149-pages of supporting documentation), the Court **DIRECTS the Clerk's Office to STRIKE Doc. 56** in its entirety and **DIRECTS** Plaintiff **no later than April 21, 2010** to refile a response to Doc. 43 (the Daubert motion challenging the opinions of Dr. Osimitz and Dr. Hyers), without including arguments regarding the shortcomings of Dr. Goad's testing methods. The Clerk's Office **shall** set the April 21 deadline in the cm/ecf system.

④ The Court **GRANTS** UP's motion (Doc. 67) to strike Doc. 51 – Shearrer's March 25, 2010 "Reply to Defendant's Allegations of Fact in Response to Plaintiff's Motion for Partial Summary Judgment and Statement of Additional Uncontroverted Facts."

Plaintiff moved for partial summary judgment two months ago (Doc. 38). The Court entered a briefing Order/schedule on that motion (Doc. 42) which permitted a response by Defendant by March 15th (it was filed that date, Doc. 49) and a reply by Plaintiff "no longer than 4 pages") by March 25th (it was filed that date, Doc. 50). Those briefs are in Order. But on the same date Plaintiff filed the 4-page reply brief, he also filed a separate 6-page reply brief with another 50 pages of attached exhibits (Doc. 51). Counsel did not seek leave to file a 10-page reply or to submit additional authority; instead he simply forged ahead with the allowed 4-page brief *and also submitted* a separate unauthorized 56-page filing. This is a plain end-around of a Court Order, which cannot be countenanced. Accordingly, the Clerk's Office **shall STRIKE Doc. 51 in its entirety**.

⑤    Finally, the Court **DENIES** Defendant UP's April 8, 2010 motion (Doc. 69) seeking leave to file a sur-reply brief countering Plaintiff's March 25th reply brief(s). UP followed the proper procedure in seeking leave to file the sur-reply brief, but (as the motion itself acknowledges) reply briefs are discouraged by the Local Rules of this District, to be filed only in "exceptional circumstances," and those are not in play here. *See* **SDIL-LR 7.1.** Additionally, the Court believes the sur-reply is unnecessary, given the thorough briefing of the pending motions and the rulings above on the motions to strike.

IT IS SO ORDERED.

DATED April 15, 2010.

s/ Michael J. Reagan
United States District Judge