IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TODD D. SHEARRER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 09-cv-0122-MJR-PMF |
| | ) |
| UNION PACIFIC RAILROAD CO., | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM AND ORDER

REAGAN, District Judge:

A. Introduction and Procedural Background

On December 28, 2007, Todd Shearrer was working as a locomotive conductor with Union Pacific Railroad Company ("UP") on a trip from Dexter, Missouri to Dupo, Illinois. He claims that he sustained permanent and debilitating lung injuries after being exposed (during a roughly 3-hour period on that route) to toxic sulfuric acid fumes that emitted from faulty overheating batteries.

In the above-captioned suit filed in this Court, Shearrer sues UP under the Federal Employer's Liability Act (FELA), 45 U.S.C. § 51, et seq. (Count I) and the Locomotive Inspection Act (LIA), 49 U.S.C. § 20701, et seq. (Count II). He seeks damages for past and future lost wages, medical expenses, pain and suffering, fringe benefits, and inability to enjoy the normal pursuits of life.

The case is set for trial in four weeks, with a final pretrial conference at 9:00 am June 2, 2010 and a hearing on a motion to exclude two of plaintiff's experts (Daubert

motion, Doc. 43) at 10:00 am May 18, 2010. Now before the Court are two summary judgment motions. Defendant's motion for summary judgment (Doc. 45) cannot be resolved until the Court decides the pending Daubert motion. Plaintiff's motion can be resolved at this time. For the reasons stated below, the Court must deny it (Doc. 38).

B..     Applicable Legal Standards

Summary judgment is appropriate where there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. *Turner v. The Saloon, Ltd.*, 595 F.3d 679, 683 (7th Cir. 2010); *Durable Mfg. Co. v. U.S. Department of Labor*, 578 F.3d 497, 501 (7th Cir. 2009), *citing* FED. R. CIV. P. 56(c). *Accord Levy v. Minnesota Life Ins. Co.*, 517 F.3d 519 (7th Cir. 2008); *Breneisen v. Motorola, Inc.*, 512 F.3d 972 (7th Cir. 2008). A genuine issue of material fact arises "if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Egonmwan v. Cook County Sheriff's Dept.*, – F.3d –, 2010 WL 1610077, *4 (7th Cir. April 22, 2010).

In ruling on a summary judgment motion, this Court must view in the light most favorable to the nonmovant the evidence and all inferences reasonably drawn from the evidence. *Reget v. City of La Crosse*, 595 F.3d 691, 695 (7th Cir. 2010); *TAS Distributing Co., Inc. v. Cummins Engine Co., Inc.*, 491 F.3d 625, 630 (7th Cir. 2007).

In the case at bar, on Plaintiff's motion, the undersigned Judge must assess the evidence and reasonable inferences in the light most favorable to Defendant UP. With these standards in mind, the Court addresses the February 10, 2010 motion, in which Todd Shearrer prays for summary judgment in his favor *as to liability*.

### C. <u>Analysis</u>

Shearrer maintains that sulfuric acid fumes produced from "faulty, burning batteries" were emitted into the cab of the locomotive he was operating on December 28, 2007 – Locomotive UP 9315. He claims to have suffered respiratory injuries from this exposure, rending him incapable of working as a conductor.

Shearrer and UP engineer Tommy Taylor both worked the shift that began around 3:00 am on December 28, 2007, using UP 9315 as the lead locomotive and operating the train (which an earlier shift had driven from Little Rock, Arkansas to Dexter, Missouri) from Dexter, Missouri to Dupo, Illinois. After the exposure to the fumes and while still aboard the locomotive, Shearrer developed a headache and became nauseous. After disembarking UP 9315, he sought medical treatment. Ultimately, a physician (Dr. Thomas Hyers) determined that Shearrer "developed upper and lower airway irritation and inflammation following this incident" (Doc. 38-11, p. 3; Hyers' deposition testimony, p. 22).

Shearrer contends that he is entitled to summary judgment on liability, because FELA imposes an absolute duty to maintain a locomotive in safe condition, there is no question that UP failed to do so, and there is no question that UP violated the general and specific safety requirements of the LIA, such as the duty to not use locomotive batteries that are "gassing excessively" (*see* Doc. 38, pp. 11-13).

It is true that the FELA imposes liability on railroads for injuries "resulting in whole or in part from the negligence of the railroad or its employees," 45 U.S.C. § 51, and this has been interpreted to mean that the railroad is liable if the proof justifies the

conclusion that "employer negligence played any part, *even the slightest,* in producing the injury or death for which damages are sought." ***Coffey v. Northeast Illinois Regional Commuter Railroad Corp.*, 479 F.3d 472, 476 (7th Cir. 2007)**. Stated another way, the fact that there are multiple causes for an injury is irrelevant in a FELA case, "as long as one cause may be attributable to the railroad's negligence." *Id.*

Additionally, the LIA (formerly known as the Boiler Inspection Act) "requires that the driver's cab be free of conditions that endanger the crew." 49 U.S.C. § 20701(1). And although the LIA does not create a right to sue (it just establishes a safety standard), "the failure to comply with that standard is negligence per se under the FELA." *Id.* In other words, an LIA plaintiff "is required to prove only the statutory violation and thus is relieved of the burden of proving negligence." **Coffey, 479 F.3d at 477.**

But a plaintiff still must prove a causal relationship (albeit just the "in whole or in part" causation) between the statutory violation and the particular injury claimed. *Id., citing Crane v. Cedar Rapids & Iowa City Ry*, **395 U.S. 164, 166 (1969).** This is where Shearrer's argument for summary judgment founders.

Genuine questions of material fact remain as to both the causal link between UP's conduct and Shearrer's allegedly severe, permanent and disabling injuries (this goes to the heart of his FELA claim) and as to whether UP breached its duty to comply with applicable regulations requiring it to keep the locomotive and its parts in proper condition, safe to operate (as needed for the LIA claim).

Indeed, Plaintiff characterizes as "Uncontroverted Facts" (*see* Doc. 38, pp. 2-8)

multiple facts that are hotly contested, several of which go to the heart of the dispute and are material. *See Stokes v. Board of Educ. of City of Chicago*, **599 F.3d 617, 619 (7th Cir. 2010)("Many factual details are disputed in this case, but a factual dispute is *material* only if its resolution might change the suit's outcome under the governing law.").** For instance, there exists a genuine issue of material fact as to whether the condition of UP 9315 even violated the LIA on the date in question. Viewed in the light most favorable to UP, the evidence indicates that UP *complied* with the LIA regarding the emission of fumes into the cab of the locomotive, because the level of fumes fell *below* the permissible OSHA exposure limit.

Construing all facts in the light most favorable to UP and drawing all reasonable inferences in favor of UP, *see Miller v. Herman*, **– F.3d. –, 2010 WL 1068227, *5 (March 25, 2010),** the undersigned Judge finds that genuine issues of material fact preclude the entry of summary judgment in Shearrer's favor on liability.

### D. Conclusion

To survive a summary judgment motion, the nonmovant must come forward with specific facts showing that there is a genuine issue for trial. ***Hansen v. Board of Trustees of Hamilton Southeastern School Corp.*, 551 F.3d 599, 604 (7th Cir. 2008).** UP has done so here. Genuine issues of material fact clearly remain as to liability.

Because Plaintiff Shearrer has not demonstrated the absence of genuine issues of material fact (and an entitlement to judgment as a matter of law), the Court must DENY his summary judgment motion (Doc. 38).

IT IS SO ORDERED.

DATED May 7, 2010.

> s/ *Michael J. Reagan*
> Michael J. Reagan
> United States District Judge